[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2007
THOMAS K. KAHN
CLERK

No. 06-13433
Non-Argument Calendar
_____

D. C. Docket No. 05-80200-CV-KLR

RICHARD KEITH ALAN, II,

Interested Party-Appellant,

versus

PAXSON COMMUNICATIONS CORPORATION,

Defendant-Appellee.

.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(May 2, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Keith Alan, II appeals the district court's imposition of sanctions against him for his conduct as the attorney for Karen Dyer in her employment discrimination action against Paxson Communications Corporation ("Paxson"). For the reasons that follow, we affirm.

## I. Background

Alan and Attorney Jacob Rose filed an employment discrimination action in state court against Paxson on behalf of Dyer.[1] Paxson then removed the case to federal court. After Paxson filed its answer, the district court issued a scheduling order with December 15, 2005 as the deadline for discovery.

Dyer's deposition began at 10:00 AM on December 9, 2005 and lasted for nearly four hours until shortly before 2:00 PM when Attorney Alan, without explanation, requested a "break" and he and Dyer left the room. Alan returned several minutes later and informed Paxson's counsel, Michael McAuliffe, that he had instructed Dyer to leave pursuant to an agreement between his and McAuliffe's legal assistants that four Paxson employees were to be deposed at 2:00 PM. McAuliffe responded that there was no agreement to end Dyer's deposition in the middle of questioning. McAuliffe then offered to proceed with the deposition

---

[1] For reasons that are not relevant to the issues in this appeal, Rose withdrew from the representation and his actions are not at issue here.

of a Paxson employee who was already present for Dyer's deposition, but Alan declined to depose this witness and left the premises.

On December 16, 2005, Paxson served a notice to continue Dyer's deposition on December 22, 2005 at McAuliffe's office. Alan, in a written response, refused to produce Dyer pursuant to that notice, stating that Dyer would be available at Alan's office with Alan's designated court reporter. On December 20, 2005, Paxson filed a motion to compel Dyer's appearance at the continued deposition pursuant to the notice and for sanctions, fees, and costs against Alan pursuant to, inter alia, Local Rule 30.1(D) of the Southern District of Florida and Federal Rule of Civil Procedure 37(d). On December 22, 2005, Dyer failed to appear at McAuliffe's office at the date and time specified by the notice. Instead, Dyer and Alan were waiting at Alan's office, with Alan's designated court reporter, prepared to continue Dyer's deposition.

In an order dated February 2, 2006, the district court granted Paxson's motion, ordering Alan to pay the costs incurred by Paxson "as a result of the continuation of [Dyer's] deposition" and ordering Dyer to appear for the continuation of her deposition at McAuliffe's office on a reasonable date of Paxson's choosing. Expressly relying on Local Rule 30.1(D), the court concluded that there was no evidence that an agreement existed to limit Dyer's deposition to

3

four hours, Alan's reason for terminating Dyer's deposition was suspect and perplexing, and Alan's termination of the deposition prejudiced Paxson's ability to defend itself in the underlying litigation.

Thereafter, Paxson sent several notices to Alan indicating that it was owed $3,554.75 for its fees based on 8.3 attorney hours spent preparing, researching, and litigating the motion for sanctions (including evaluating Alan's response and preparing Paxson's reply); 3.75 attorney hours seeking payment after the court awarded sanctions; and 20 minutes in relation to Dyer and Alan's non-appearance at the continued deposition on December 22, 2006, all at an hourly rate of $295. Paxson also asserted that it was owed costs in the amount of $1,065.10 for court reporter fees and transcript preparation. Alan initially ignored these notices, but he later sent a letter indicating that he would only pay for 1.5 hours of attorney time.

Paxson filed a motion to enforce the court's order of fees and costs. Alan responded by asserting that the court had yet to determine the amount he was to pay; the amount should be limited only to expenses for the portion of the deposition determined to be excessive; the amount should, at the very least, be reduced by two-thirds; and the court should hold an evidentiary hearing to determine the amount. Without holding an evidentiary hearing, the court granted Paxon's motion and ordered Alan to pay $3,554.75 in fees and $1,065.10 in costs.

4

Dyer and Alan filed a notice of appeal and moved to stay the district court's order pending appeal. The court denied the stay, and Alan paid the sanctions in full. Thereafter, Paxson moved for summary judgment in the underlying employment discrimination action. The district court granted the motion and entered final judgment in favor of Paxson.

## II. Discussion

On appeal, Alan argues that the district court abused its discretion by (1) imposing sanctions against him, as the decision to terminate Dyer's deposition was in direct response to a dispute between counsel regarding scheduling; (2) awarding fees and costs that exceeded the scope and extent allowable under Local Rule 30.1(D), which presumably served as the basis for the court's imposition of sanctions; and (3) awarding fees and costs without an evidentiary hearing.[2] We review a district court's order imposing discovery sanctions for abuse of discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1188 (11th Cir. 2006). "A district court abuses its discretion when it misconstrues

_____

[2] In its brief, Paxson argues that this court lacks jurisdiction to review the district court's order of sanctions because that decision is not a final order. But after the parties filed their briefs, the district court entered final judgement on the merits for Paxson in the underlying litigation. Accordingly, we have jurisdiction over this appeal. See In re BellSouth Corp., 334 F.3d 941, 955 n.6 (11th Cir. 2003) (citing Comuso v. Nat'l R.R. Passenger Corp., 267 F.3d 331, 339 (3rd Cir. 2001) ("[An] attorney must . . . wait to appeal the sanctions order after there has been a final judgment on the merits.")).

5

its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1147 (11th Cir. 2006) (citation omitted). A district court also abuses its discretion when it applies the incorrect legal standard. United States v. Jordan, 316 F.3d 1215, 1248-49 (11th Cir. 2003).

"[A]ll federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers and parties litigant." Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1446 (11th Cir. 1985). Sanctions for discovery violations "are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).

Local Rule 30.1(D) states:

Whenever a judge or magistrate judge shall determine that any party or counsel unreasonably has *interrupted, delayed,* or prolonged any deposition, whether by excessive questioning, objecting, *or other conduct*, the party or its counsel, or both, may be ordered to pay each other party's expenses, including without limitation, reasonably necessary travel, lodging, reporter's fees, attorneys' fees, and videotaping expenses, for that portion of the deposition determined to

6

be excessive.  *In addition*, that party *or its counsel*, or both, may be required to *pay all such costs and expenses for any additional depositions or hearings made necessary by its misconduct.*

S.D. Fla. Local Rule 30.1(D) (emphasis added).

And Rule 37(d) of the Federal Rules of Civil Procedure provides:

If a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and . . . may . . . require the party failing to act *or* the attorney advising that party or both to pay the *reasonable expenses, including attorney's fees, caused by the failure*

. . . .

Fed. R. Civ. P. 37(d).  In awarding attorney's fees, the district court has broad discretion in determining the amount.  <u>Aetna Ins. Co. v. Meeker</u>, 953 F.2d 1328, 1335 (11th Cir. 1992).  When the district court merely states the amount of fees awarded, without more, such a conclusory statement *ordinarily* is insufficient to allow meaningful appellate review of the amount awarded.  <u>Id.</u>  But meaningful review is possible where the record below is "ample," is referenced by the district court, and allows this court to readily verify that the district court's assessment of

7

fees and costs was reasonable.  Id.

Here, Alan first argues that the district court abused its discretion in imposing sanctions because the decision to terminate Dyer's deposition was in direct response to a dispute between counsel regarding scheduling.  He claims that he terminated Dyer's deposition pursuant to an agreement between his and McAuliffe's legal assistants to end Dyer's deposition at 2:00 PM (even if questioning was not completed) so that he could begin deposing four Paxson employees.  According to Alan, because it is customary for discovery scheduling to be coordinated by legal assistants, reasonable people could disagree as to the appropriateness of his conduct.  We are unpersuaded.

In its sanctions order, the district court noted that even though one of the Paxson employees who Alan claims he was to depose at 2:00 PM pursuant to the alleged agreement was actually present at Dyer's aborted deposition, after Alan terminated Dyer's deposition, he inexplicably rejected McAuliffe's offer to depose this employee.  After concluding that there was no evidence of the alleged agreement beyond Alan's assertions, the court found that Alan's rejection of McAuliffe's offer was "perplexing" and made the existence of such an agreement "suspect."  The court also concluded that because Paxson could not be expected to formulate an adequate defense without a complete deposition of Dyer, the plaintiff

8

in the underlying case, Alan's premature termination of Dyer's deposition prejudiced Paxson's ability to defend itself. On this record, we cannot say that the district court's imposition of sanctions was an abuse of discretion.

Alan next argues that the district court's authority to sanction him under Local Rule 30.1(D) was limited to imposing costs and fees for that portion of the deposition deemed to be excessive. He contends that the district court erred by ordering him to reimburse Paxson's fees for, inter alia, preparing and litigating its motion for sanctions. We disagree.

As stated above, Local Rule 30.1(D) allows a district court to order an attorney to pay the other party's expenses "for that portion of the deposition determined to be excessive" *and* "to *pay all such costs and expenses for any additional depositions or hearings made necessary by its misconduct*. S.D. Fla. Local Rule 30.1(D) (emphasis added). Thus, the plain reading of this rule is at odds with Alan's contention. But even if we read Local Rule 30.1(D) in the manner Alan proposes, the district court was nonetheless authorized under Federal Rule 37(d) to order Alan to pay the reasonable expenses Paxson incurred *because of* Alan's premature termination of Dyer's deposition.[3] See Fed. R. Civ. P. 37(d).

---

[3] We may affirm the judgment below on any adequate ground, regardless of the grounds addressed, adopted, or rejected by the district court. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235-36 (11th Cir. 2004); Novak v. Irwin Yacht and Marine Corp., 986 F.2d 468, 470 (11th Cir. 1993); Turner v. Am. Fed'n of Teachers Local 1565, 138 F.3d 878, 880 n.1 (11th Cir.

9

Thus, the fees and costs Paxson incurred (1) preparing and litigating its motion for sanctions, (2) seeking payment from Alan after the court awarded sanctions (including researching, preparing, and litigating its motion to enforce the court's order), (3) in relation to Dyer and Alan's non-appearance at the continued deposition on December 22, 2006, and (4) for the court reporter and preparing transcripts, all constituted "reasonable expenses" that were "caused by" Alan's premature termination of Dyer's deposition. See id. Accordingly, we hold that the amount of fees and costs that the district court ordered Alan to pay was not an abuse of discretion.

Finally, Alan argues that the district court erred by determining the amount of fees and costs he was required to pay without an evidentiary hearing when such a hearing was requested, there were disputed issues of fact, and the court failed to make explicit factual findings regarding the amount to be paid. We disagree.

Here, the numerous letters McAuliffe sent to Alan in an effort to secure payment, Paxson's motion to enforce the court's order of sanctions, and Paxson's declaration in support of that motion provided a detailed itemization of the fees and costs Paxson incurred as a result of Alan's premature termination of Dyer's deposition. Moreover, Alan's reply to Paxson's motion to enforce the court's

1998) ("We must affirm the judgment of the district court if the result is correct even if the district court relied upon a wrong ground or gave a wrong reason.").

order of sanctions detailed his explanation of the amount he believed was owed and his objections to the expenses that Paxson claimed. Thus, the written record contained an adequate basis for the district court to resolve any factual disputes regarding Paxson's expenses and to determine the amount of fees and costs Alan owed to Paxson as a result of his conduct. And although the district court's orders do not contain a detailed accounting of how the court determined the amount, it is clear from the court's order granting Paxson's motion to enforce the court's initial sanctions order that the court determined the amount after reviewing Paxson's delineation of expenses in its motion to enforce the court's order, Paxon's declarations in support of that motion, and Alan's written objections in response. Thus, the reasonableness of the district court's assessment of fees and costs is readily verifiable from the record, and an evidentiary hearing was not necessary. See Meeker, 953 F.2d at 1335. We therefore conclude that the district court did not abuse its discretion in this regard.

### III. Conclusion

For the foregoing reasons, we **AFFIRM**.

11